IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WASEEM A. ROSHEN,**

        **Plaintiff,**

  vs.                                Civil Action 2:14-cv-260
                                           Judge Marbley
                                           Magistrate Judge King

**INTERNATIONAL BUSINESS MACHINES CORPORATION, *et al.*,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion for Sanctions and to Reopen Discovery and for Extension of Time to Respond for Summary Judgment* ("*Plaintiff's Motion*"), ECF 52.  The Court conferred with counsel for the parties on July 28, 2015, and the parties agreed that no further briefing was necessary.[1]  Plaintiff has also filed a motion to seal four exhibits attached to *Plaintiff's Motion*; redacted copies of the exhibits are attached to plaintiff's motion.  For good cause shown, *Plaintiff's Motion to File under Seal and Notice of Filing Redacted Depositions*, ECF 54, is **GRANTED**.  However, and for the reasons that follow, *Plaintiff's Motion*, ECF 52, is **DENIED**.

This is an employment action in which plaintiff, who is Muslim, of Pakistani national origin and is more than 40 years old, alleges that he was denied promotions and otherwise discriminated against, and

---

[1] *Plaintiff's Motion* does not state that plaintiff made any attempt to resolve this discovery dispute prior to seeking Court intervention.  Nevertheless, it is apparent that the parties are at impasse.

that his employment was ultimately terminated, all on account of his religion, national origin and age, and that he was subjected to a hostile work environment and retaliation for having exercised his rights.  Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, the ADEA, 29 U.S.C. § 621 *et seq.*, and O.R.C. § 4112.01 *et seq*.  Plaintiff filed this action through counsel on March 18, 2014.  *Complaint*, ECF 1.  Plaintiff's counsel was granted leave to withdraw on November 13, 2014, and plaintiff proceeded *pro se* through discovery.  At the request of the parties, the deadline to complete discovery was extended to April 15, 2015, ECF 27, and the Court held discovery conferences on December 9, 2014, February 26, 2015, March 31, 2015, and May 1, 2015.  ECF 28, 30.  Discovery is now closed.

    Defendants filed a motion for summary judgment on May 20, 2015.  ECF 37.  On June 4, 2015, new counsel entered an appearance on plaintiff's behalf, and plaintiff was granted, over defendants' objection, a 30 day extension of time to respond to defendants' motion for summary judgment.  ECF 44.  On June 22, 2015, plaintiff filed a motion to substitute yet different counsel and for an additional 30 day extension to file a response to defendant's motion for summary judgment.  ECF 46.  On July 8, 2015, the Court granted, again over defendants' objection, plaintiff's request to substitute counsel and extended the deadline to respond to the motion for summary judgment until August 7, 2015.[2]  ECF 50.

    *Plaintiff's Motion* was filed on July 24, 2015.  Plaintiff argues

---

[2] *Plaintiff's Motion* mistakenly states that plaintiff's response is due August 8, 2015.  Plaintiff's response is due August 7, 2015.  *See* ECF 50.

2

in his motion that defendants raised "an excessive, unreasonable, disruptive and abusive number of objections" during the January 15, 2015 deposition of defendant Sham Vaidya and the March 10, 2015 deposition of defendant Krishnan Ramachandran. *Plaintiff's Motion*, p. 2. A word count performed by plaintiff's counsel shows that the words "objection" and "object" were used 772 times during the two depositions. *Id*. at pp. 2-4; ECF 54-1, 54-3. Plaintiff argues that the number of objections "has crossed the line of making and preserving a record to being disruptive per se." *Plaintiff's Motion*, p. 4. Plaintiff also argues that defendants engaged in "*Rambo* litigation" and that, in light of the financial resources of defendants and their counsel, "[t]he interference with the Plaintiff pro se's depositions is thus especially egregious, abusive, and disruptive." *Id*. The number of objections "has cost Plaintiff valuable time and money" because the objections extended the length of the depositions by an estimated 64 minutes and increased the cost to transcribe the depositions by an estimated $121.98. *Id*. at p. 5. *Plaintiff's Motion* seeks the following relief:

> 1) That the depositions of Krishnan Ramachandran and Sham Vaidya be ordered to be permitted to be retaken within federal rule;
>
> 2) That the cost of retaking the depositions, including sitting time and transcript costs for Krishnan Ramachandran and Sham Vaidya be ordered to be paid by the Defendants;
>
> 3) That the Plaintiff's attorney's fees for of [sic] retaking the depositions, including the time necessary for Plaintiff's Counsel to develop questions for the Defendants Krishnan Ramachandran and Sham Vaidya be ordered to be paid by the Defendants;

>    4) That the depositions of the Defendants Krishnan Ramachandran and Sham Vaidya currently on file with the Court be ordered stricken from the record;
>
>    5) That should the Defendant prevail for the purpose of a Title VII action, that any costs associated with any of the depositions of the Defendants Krishnan Ramachandran and Sham Vaidya be disallowed if any costs are awarded to the Defendants;
>
>    6) That the Court specifically order the Defendant's [sic] Counsel to comply with the federal rules regarding the taking of depositions by parties in such language that the Court may decide is appropriate to prevent the deposition process from being adversely disrupted.
>
>    7) That sufficient time be provided to Plaintiff's Counsel to obtain and review the depositions and then respond to the Defendants [sic] motion for summary judgment.

*Id*. at pp. 6-7.

Plaintiff appears to seek sanctions under Fed. R. Civ. P. 30(d)(2) and 28 U.S.C. § 1927. *See Plaintiff's Motion*, p. 3. Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court finds that sanctions would be inappropriate under either provision.

First, although defendants' counsel made numerous objections during the depositions of defendants Ramachandran and Vaidya, plaintiff does not argue that the questions posed by him – at a time

4

when he was proceedings without the assistance of counsel - were not objectionable.  The fact that defendants raised numerous objections does not, by itself, demonstrate that defendants' counsel acted unreasonably or impaired the fair examination of the deponents.  The Court also rejects plaintiff's characterization of defendants' litigation tactics as "Ramboesque;" even accepting plaintiff's estimate of increased costs, defense counsel did not "unreasonably and vexatiously" multiply the proceedings.  *See* 28 U.S.C. § 1927.  Counsel does, after all, have the right – and indeed the duty - to object to improper questions at a deposition, even if the opposing party is proceeding *pro se*.  Finally, it is significant that plaintiff does not claim that he was prevented from asking any questions during the depositions as a consequence of the number of objections raised.  Indeed, both depositions were concluded by plaintiff in well under seven hours.  *See* Fed. R. Civ. P. 30(d)(1); ECF 54-2, pp. 1, 242; ECF 54-4, pp. 1, 196.

Accordingly, *Plaintiff's Motion for Sanctions and to Reopen Discovery and for Extension of Time to Respond for Summary Judgment*, ECF 52, is **DENIED**.

*Plaintiff's Motion to File under Seal and Notice of Filing Redacted Depositions*, ECF 54, is **GRANTED**. The **Clerk** is **DIRECTED** to file ECF 52-3, 52-4, 52-5, and 52-6 under seal.

July 29, 2015                                                *s/Norah McCann King*
                                                             Norah M<sup>c</sup>Cann King
                                                             United States Magistrate Judge